The opinion of the Court was delivered by
Withers, J.
It appears that some twenty years ago the Commissioners of Public Buildings of Laurens District, finding an old well on the Court House lot, south of the building, placed the same in repair, and have kept it fit for use from that time to the present. A Grand Jury, at some term heretofore, recommended that the Commissioners should provide another well, north of the Court House. The Commissioners not approving of the suggestion, took no step towards the execution of *301 tbe measure. A third person, however, caused the new well in contemplation to be provided, and at the Spring Term of the General Sessions of the present year, the Grand Jury expressed their satisfaction with the work, pronounced it to be a public convenience, recommended that the Commissioners be directed to take charge of it, and reimburse the individual who had caused the work to be done. The presiding Judge ordered that presentment to be served on the defendants, with a rule directing them “to pay for the same, or show cause at the next term.” At that term, which was the last preceding, they showed such cause as appears in the brief. It is to the effect that they had kept in order the old well aforesaid, for the use of the Court and citizens attending it; that they deemed it adequate for that purpose; that they conceived the new well unnecessary for any purpose pertaining to their duties; that if the new well was needed at all, it was only to subserve the use of citizens residing in the vicinity of the Court House, or the interests of the village, as a market town; that they had tendered to the town authorities the license to dig such a well Dorth of the Court House, if it pleased them, which had been declined.
Prom all which it results that the defendants had considered and disapproved the recommendations of the two Grand Juries touching the well in question, and had declined to execute them. Thereupon the Judge presiding on circuit, ordered that the rule before served, and requiring the Commissioners to reimburse the expenditure for the new well, “ be made absolute; or failing, that they be indicted at the next term for neglect of duty.” From this order an appeal comes to this Court, and is founded mainly on the position that the bona fide exercise of the discretion of the Commissioners on the matter in question, is final, and that it is not the proper subject of revisal and of peremptory order by the Court.
*302 This tribunal agrees with them on the proposition; and for the reasons:
That being vested with the supervision of the Court House and jail, and the lots on which they stand, by the Legislature, the management of them is necessarily referred to their discretion, and not to that of the Grand Jury or the Court.
That a mandamus has been denied to compel the body charged with the granting of licenses to retail, to exercise that power in favor of an applicant tendering a compliance with all the prerequisites required, when the act was contrary to the bona fide judgment, after hearing and consideration, of the body vested with the discretion to grant or refuse.
That the presentments of Grand Juries upon matters within the discretion vested in other bodies, are but advisory to such bodies, and suggestive to the Court.
That successive Judges are as little qualified by proper information as they would be inclined by disposition to determine any matter such as is in controversy here; and a matter not expressly enjoined on the Commissioners by law, but referred to discretion, should be left with those whom the Legislature have directly appointed to exercise that discretion.
That whenever a clear, defined legal duty has been violated by the defendants, they are subject to indictment by the general law.
That when a presentment, such as was made in this case, is rendered, served on the body to which it applies, and a return received, it has served its purpose, by affording means to the officer charged with prosecutions, to determine whether there be cause for indictment.
We have not forgotten, that when delinquents named in the A. A., 1837, “Concerning District Officers and their Offices,” are found within the terms of the third section of that Act, it is “the duty of the Court to order a bill of indict *303 ment,” nor do we mean to limit tbe discretion of tbe Court to order sucb a bill, in any case that calls for it, by reason of a clear violation of law.
The motion is granted; and the order made on Circuit is set aside.
O’Neall, Wardlaw, Whitneb, Glover, and Munro, JJ., concurred.

Motion granted.